UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**WILLIAM F. TINKER,**                              Chapter 7
    Debtor.                                          Case No. 05-13582-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

MEMORANDUM

I. INTRODUCTION

       The matter before the Court is the "Amended Motion of the Debtor to Avoid Judicial Liens" (the "Lien Avoidance Motion") filed by the Chapter 7 debtor, William F. Tinker (the "Debtor"). Pursuant to the Lien Avoidance Motion, the Debtor seeks to avoid the judicial liens of Granite City Electric Supply Company ("Granite City") and G. Greene Construction Co., Inc. ("Greene")(collectively, the "Lienholders") pursuant to 11 U.S.C. § 522(f) because the liens purportedly impair his homestead exemption. The Lienholders each filed an Opposition to the Debtor's Lien Avoidance Motion in which they challenge the validity of the Debtor's claimed homestead exemption, despite their failure to object

1

to the Debtor's claimed homestead exemption before the expiration of the deadline imposed by Fed. R. Bankr. P. 4003(b).

The Court conducted a non-evidentiary hearing on the Lien Avoidance Motion and the Oppositions on September 13, 2006 at which it took the matter under advisement and directed the parties to file briefs on the issue of whether the Lienholders may challenge the validity of the Debtor's homestead exemption as a defense to the Lien Avoidance Motion, notwithstanding the expiration of the deadline imposed by Fed. R. Bankr. P. 4003(b) and the United States Supreme Court's decision in Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S. Ct. 1644 (1992).

The facts necessary to decide the narrow issue presented are not in dispute.[1] The Court makes the following findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052. For the reasons set forth below, the Court holds that the Lienholders may challenge the validity of the homestead exemption as a defense to the Debtor's Lien Avoidance Motion.

---

[1] As discussed below, a factual dispute exists among the parties regarding whether the Debtor validly claimed the homestead exemption at issue here. This decision does not address the underlying validity of the Debtor's homestead exemption as it is limited to the legal question of whether the Lienholders are time barred from contesting the validity of the Debtor's homestead as a defense to the Lien Avoidance Motion. The Court will schedule an evidentiary hearing to determine the validity of the Debtor's homestead exemption.

2

## II. FACTS

On February 5, 2003, the Debtor recorded a declaration of homestead on property located at 39 Davis Road, Belmont, Massachusetts (the "Property") pursuant to Mass. Gen. Laws. ch. 188, § 1. In his Lien Avoidance Motion, the Debtor disclosed that Granite City obtained a Writ of Attachment against the Property on February 27, 2003 in the amount of $5,341.30 and that Greene obtained a Writ of Attachment against the Property on July 22, 2003 in the amount of $750,000.

The Debtor filed a voluntary petition under Chapter 7 on April 20, 2005. On Schedule A - Real Property, he listed ownership interests in three properties, including a "Commercial Condominium" located in Marshfield, MA, which he valued at $90,000; a "Four Family Rental Property" located in Franklin, MA, which he valued at $300,000; and the Property, which he valued at $549,000. On Schedule C - Property Claimed as Exempt, the Debtor claimed an exemption in the amount of $500,000 pursuant to Mass. Gen. Laws ch. 235, § 34, which lists estates of homestead as defined in Mass. Gen. Laws ch. 188 as exempt from seizure on execution. He did not specify that the homestead pertained to the Property, although he listed the current market value of the property for which he claimed the homestead at $549,000, and he did not cite Mass. Gen. Laws ch. 188, § 1. Notwithstanding the attachments obtained by Greene and Granite City on the Debtor's Property in Belmont, the Debtor, on Schedule D-Creditors Holding Secured Claims, listed Greene with an undersecured claim in the sum of $750,000 as a result of an attachment on

3

the four-family property in Franklin, Massachusetts, and Granite City with a fully secured claim in the sum of $6,128.31 as a result of an execution affecting the Property.

Despite the ambiguity in the Debtor's Schedules C and D, the Court shall presume, for purposes of this decision, that the homestead exemption claimed by the Debtor (the "homestead") refers to the Property.[2] The Debtor listed both Lienholders on the creditors' matrix, and there is no dispute that the Lienholders had actual notice of the Debtor's bankruptcy filing.

The Chapter 7 Trustee conducted, and concluded, a meeting of creditors under 11 U.S.C. § 341(a) on May 26, 2005. Pursuant to Fed. R. Bankr. P. 4003(b), the deadline for filing objections to the Debtor's claim of exemptions expired on June 27, 2005. Neither the Lienholders nor any other parties in interest filed objections to the Debtor's claimed homestead exemption.

On June 13, 2005, the Trustee issued a Report of No Distribution; approximately two months later, on August 24, 2005, the Court issued an order granting the Debtor a discharge under 11 U.S.C. § 727. On September 1, 2005, the Debtor's Chapter 7 case was closed. Thereafter, the Debtor filed two motions to reopen this case and a motion to sell the Property, which the Court denied as procedurally and substantively deficient. On August 16, 2006, with new counsel, the Debtor filed an amended Motion to Reopen his case

---

[2] Notwithstanding this presumption, as discussed below, the Court finds that the ambiguity may have affected whether the Lienholders had meaningful notice of the potential impairment of their rights as secured creditors.

4

for the purpose of filing the Lien Avoidance Motion. The Court allowed the amended Motion to Reopen on August 17, 2006.

### III. POSITIONS OF THE PARTIES

Greene argues that, as a secured creditor, it was not required to object to the homestead unless and until the Debtor attempted to avoid its lien under 11 U.S.C. § 522(f), notwithstanding Fed. R. Bankr. P. 4003(b). It relies on In re DeCarolis, 259 B.R. 467 (B.A.P. 1st Cir. 2001), and In re Maylin, 155 B.R. 605, 613 (Bankr.D.Me. 1993). Granite primarily argues that it may challenge the homestead based on principles of fairness and equity because the Debtor did not occupy the Property on the petition date but resided at a different property located in Southbridge, Massachusetts.[3]

The Debtor contends that the Lienholders are time barred by Fed. R. Bankr. P. 4003(b) from challenging the validity of his claimed homestead because they failed to timely object to it, adding that such a result is mandated by the Supreme Court's decision in Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S. Ct. 1644 (1992). The Debtor also argues that the Massachusetts exemptions are to be liberally construed in favor of the Debtor, citing Dwyer v. Cempellin, 424 Mass. 26, 30, 673 N.E.2d 863 (1996).

---

[3] This issue will be of importance when the Court determines the validity of the homestead. Because Mass. Gen. Laws ch. 188, §1 applies only to a debtor's principal residence, however, it is not relevant to a determination of the issue presented in this matter.

IV. DISCUSSION

A. Applicable Law

Pursuant to 11 U.S.C. § 522(f)(1), a debtor may avoid a judicial lien which impairs his exemption.[4] In order to be successful in avoiding a judicial lien pursuant to § 522(f), the Court must determine: (1) whether the debtor is entitled to an exemption; (2) the extent to which the lien may be avoided; and (3) whether the lien does in fact impair the exemption. In re Mariano, 311 B.R. 335, 340 (Bankr. D. Mass. 2004) (citing In re Betz, 273 B.R. 313, 320-21 (Bankr. D. Mass. 2002)). The debtor bears the burden of proof on all avoidance issues. In re DeCarolis, 259 B.R. at 471 (citing In re Kerbs, 207 B.R. 211, 214 (Bankr. D. Mont. 1997)).

In Taylor v. Freeland & Kronz, the Supreme Court held that a Chapter 7 trustee's late filed objection to a legally insufficient exemption set forth on Schedule C was foreclosed under 11 U.S.C. § 522(l)[5] and Rule 4003(b),[6] because Rule 4003(b) requires the

---

[4] The statute provides, in relevant part:

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled. . . if such lien is- (A) a judicial lien. . .

11 U.S.C. § 522(f)(1)(A).

[5] Section 522(l) provides, in part: ". . . Unless a party in interest objects, the property claimed as exempt. . . is exempt."

[6] The Rule provides:

> A party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing

filing of objections to claimed exemptions within 30 days of the conclusion of the § 341 meeting. Id. at 643-45, 112 S. Ct. at 1648. *See also* Mercer v. Monzack, 53 F.3d 1 (1st Cir. 1995). In Mercer, the First Circuit distinguished Taylor and restricted its application in circumstances where property of the estate is not plainly listed for exemption purposes. It observed:

> The "property of the estate" plainly listed as exempt in Taylor, . . . -- *though not of a kind entitled to exemption* under Bankruptcy Code § 522(d)--nonetheless became exempt by operation of law, as explicitly provided in section 522(l), in the absence of a timely Rule 4003(b) objection to the unambiguous exemption claim in Schedule B-4. Nothing in Taylor intimates that "property of the estate" *not* plainly listed in Schedule B-4 nonetheless *becomes exempt* by operation of law under section 522(l). Thus, it remained for the bankruptcy court to determine whether the "property of the estate" actually in dispute became exempt by operation of law as Mercer maintained, or remained subject to administration for the benefit of creditors as the chapter 7 trustee contended.

53 F.3d at 3 (emphasis in original, citations omitted).

The issue presented in the instant case is not conclusively resolved with reference to the decisions in Taylor or Mercer because the Oppositions to the Debtor's homestead arise in a different procedural context and because there is authority that the "exemption by default" that results from a strict application of Taylor does not apply to lien avoidance motions. *See* In re Schoonover, 331 F.3d 575, 578 (7th Cir. 2003). In that case, the Seventh Circuit addressed the identical issue that is present in this case, namely whether a

---

objections if, before the time to object expires, a party in interest files a request for an extension. . .

Fed. R. Bankr. P. 4003(b).

lienholder who has ignored the deadline imposed by Rule 4003(b) may challenge the validity of the Debtor's claimed exemption in response to a motion to avoid its lien. The Seventh Circuit, noting the absence of a deadline under Fed. R. Bankr P. 4003(d),[7] held that the lienholder could challenge the exemption, reasoning as follows:

> After . . . [the expiration of the Rule 4003(b) deadline] . . ., no unsecured creditor could have asserted any right to payment from the funds on deposit at the Bank of Herrin. But Karr [the objecting party] had a judicial lien, and though this may not have given him a security interest in the accounts it did give him a valuable entitlement: to wait out the bankruptcy and enforce the lien at its conclusion, unless the debtor asked the bankruptcy court for relief. "[A] creditor's right to foreclose on [a lien] survives or passes through the bankruptcy." Johnson v. Home State Bank, 501 U.S. 78, 83, 111 S.Ct. 2150, 115 L.Ed.2d 66 (1991). Although general unsecured creditors must take the initiative by objecting, lienholders may wait for notice under § 522(f). Once they receive notice, lienholders litigate on the schedule appropriate to a proceeding under § 522(f), not the schedule for general creditors.
>
> Taylor did not get its 30-day limit from the Bankruptcy Code: all § 522(l) says is that creditors who want dibs on assets claimed as exempt must object, which Karr [the lienholder] eventually did. The deadline came from Rule 4003(b), which deals with objections by general creditors. Motions under § 522(f) to avoid liens fall under Rule 4003(d), not Rule 4003(b)--and Rule 4003(d) does *not* set a 30-day schedule but instead provides that "[a] proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014." In turn, Rule 9014 leaves deadline-setting to the bankruptcy judge. The upshot is that lienholders have more time than general unsecured creditors, a dispensation essential if lienholders are to enjoy any chance to watch the proceedings from afar and enforce their liens later. Just as § 522(l) and Rule 4003(b) put the onus of timely objection on general unsecured creditors, so § 522(f) and Rules 4003(d) and 9014 put the onus of contesting a lien on debtors; the clock for lienholders runs from the motion under § 522(f) and not from the meeting of unsecured creditors. To the extent that In re

---

[7] Rule 4003(d) provides: "A proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014."

8

Chinosorn, 248 B.R. 324, 327-28 (N.D. Ill. 2000), reaches a different conclusion, it is disapproved. (As far as we can tell, this is the first appellate consideration of the question whether Rule 4003(b) and Taylor affect the time available to lienholders.) Karr's objection was timely.

331 F.3d at 578.

Numerous other courts have reached the same conclusion as the Seventh Circuit in Schoonover. *See* In re Jarski, 301 B.R. 342 (Bankr. D. Ariz. 2003); In re Patterson, 275 B.R. 578, 583-84 (Bankr. D. Colo. 2002) ("Allowing the debtor to rely upon the exemption-by-default of § 522(l) to avoid a secured creditor's lien would amount to a procedural ambush not sanctioned by the Constitution.")(quoting In re Morgan, 149 B.R. 147, 152 (B.A.P. 9th Cir. 1993), and In re Smith, 119 B.R. 757, 760 (Bankr. E.D. Cal. 1990)); In re Thompson, 263 B.R. 134, 137-38 (Bankr. W.D. Okla. 2001) ("... a secured creditor's failure to object to a debtor's claim of exemption does not preclude it from litigating the merits of the exemption in the context of a § 522(f) motion."); and In re Maylin, 155 B.R. at 613 ("[Taylor's] rule does not foreclose a secured creditor from defending a § 522(f)... action by denying that the property involved is exempt under applicable law."). The reasoning in Maylin is particularly compelling. In that case, the court, focusing on tensions among various sections of the Bankruptcy Code, observed the following:

> A secured creditor may, but need not, file a proof of claim. Under the express provisions of § 501, if it does so, and no objection is filed, its secured claim is "deemed allowed." If it files no proof of claim and no action is taken with regard to its lien, the lien is unaffected by bankruptcy. In other words, unless the secured creditor is hailed into bankruptcy court to respond to an effort to alter, amend or avoid its position, it may ignore the bankruptcy proceedings. The lien passes through bankruptcy.

9

\*\*\*

> A § 522(f) lien avoidance motion is one procedure by which a debtor hails a secured creditor into bankruptcy court and obtains a determination of rights. It can serve as the functional equivalent of an objection to claim. *See* Fed. R. Bankr. P. 4003(d) (lien avoidance proceeding under § 522(f) brought by motion). *See also* Advisory Comments to Fed. R. Bankr. P. 3007 (objection to claim is a contested matter); Advisory Comments to Fed. R. Bankr. P. 4003 (motion under § 522(f) is a contested matter); Fed. R. Bankr. P. 9014 (service of motions is made pursuant to rules governing service of summons and complaint).
>
> Nevertheless, secured creditors responding to lien avoidance motions would be deprived of important defenses if they forfeited their right to contest the debtor's entitlement to the exemption upon which the motion is based because they had, up until that time, exercised the accepted option not to participate in the bankruptcy proceedings. Certainly, other defenses to a debtor's § 522(f) and § 522(h) initiatives may lie. *See, e.g.*, Farrey v. Sanderfoot, 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (exemption may be subject to preexisting encumbrances); In re Saturley, 149 B.R. at 249 (lien avoidance not available where debtor has no interest of economic value in property claimed as exempt). But the defending secured creditor cannot fairly be deprived of its opportunity to defend by disputing the exemption because it did not review the debtor's schedules and object to exemption claims in compliance with Rule 4003(b) and Taylor.

155 B.R. at 611-13 (footnote omitted). The Maylin court concluded that § 522(l) and Rule 4003(b), "cannot mean that secured creditors lose important rights by doing exactly what the law has long said they can do: Ignore the bankruptcy proceedings until hailed into court." Id. at 613.

In In re Jarski, 301 B.R. 342 (Bankr. D. Ariz. 2003), the bankruptcy court expanded the analysis set forth in Schoonover. It stated:

> Recently the Seventh Circuit also reached the same result on different grounds. In re Schoonover, 331 F.3d 575 (7th Cir. 2003). In Schoonover, the court held that the 30-day limit applies only to unsecured creditors, and that

10

> lienholders could wait until after they received notice of a motion to avoid liens before filing an objection. Because "the clock for lienholders runs from the motion under § 522(f) and not from the meeting of unsecured [sic] creditors," Bernreuter's objection would not be precluded on the Seventh Circuit analysis. Id. at 578. Morgan and Schoonover reach the right result but neither analysis is entirely satisfactory, and there is a more sound statutory basis on which to reach their results. The "would have been" language of § 522(f) imposes a time element on the types of exemptions that can be used to avoid liens. Matthew Ellingson, *Getting Around Taylor: A New Look at Judicial Lienholders and Exemptions by Default*, Norton Bankr. L. Adviser, October 2003, at 7, 9. On this analysis, the debtor is only able to avoid liens by an exemption to which he would have been entitled at the time of filing his petition. Id. at 10. Thus the lien creditors in Morgan and Schoonover would be permitted to show that the debtor could not satisfy the "would have been exempt" language from § 522(f) at the time he filed his petition. Id. at 10. If the exemption claim is baseless, the debtor becomes entitled to such exemption under Taylor only later, upon the running of the objection period. But such an exemption is not one to which the debtor would have been entitled as of the date of the petition, as required for avoidance by § 522(f). This analysis achieves the Morgan and Schoonover result without suggesting that lienholders have greater due process rights or different deadlines than do general creditors. Id. at 10.

301 B.R. at 345.

Other courts have held that a secured creditor *is* foreclosed from contesting the validity of an exemption claimed by the debtor if the creditor fails to object within the period established by Rule 4003(b). *See* In re Chinosorn, 248 B.R. 324, 328 (N.D. Ill. 2000), *rev'd sub nom by* Schoonover, 331 F.3d at 578 ("...failure to timely object to a claimed exemption prevents a trustee or creditor from later objecting to the validity of the exemption, even with respect to lien avoidance motions under § 522(f)..."); In re Kaiser, 149 B.R. 718, 719 (Bankr. M.D. Fla. 1993) ("...regardless of whether the claim of exemption has merit or is completely spurious, Rule 4003(b) is a hard and fast rule, which completely

11

bars the Trustee from contesting the validity of the exemption claimed by the Debtor."); and In re Towns, 74 B.R. 563, 567 (Bankr. S.D. Iowa 1987) ("...failure to object to the debtor's exemption claims within the thirty day time period prescribed by Bankruptcy Rule 4003(b) will preclude consideration of such an objection in a section 522(f) action.").

B. Analysis

This Court is persuaded by the well-reasoned opinions in Schoonover and Maylin.[8] The denial of the right to assert the validity of the debtor's exemption as a defense to a § 522(f) motion would defeat the secured creditor's option not to participate in the bankruptcy case. To repeat, "[j]ust as § 522(l) and Rule 4003(b) put the onus of timely objection on general unsecured creditors, so § 522(f) and Rules 4003(d) and 9014 put the onus of contesting a lien on debtors; the clock for lienholders runs from the motion under § 522(f) and not from the meeting of unsecured creditors." Schoonover, 331 F.3d at 578.

This Court concludes that the Lienholders are not precluded from challenging the Debtor's claimed homestead exemption as a defense to the Lien Avoidance Motion. As holders of secured claims on the Property,[9] the Lienholders had the option of ignoring the

---

[8] This Court does not rely on In re Betz, 273 B.R. 313 (Bankr. D. Mass. 2002), because in that case Judge Boroff was not required to reach the issue before this Court. In Betz, the issue was whether a judicial lien creditor's objection to a debtor's § 522(f) motion, filed within the Rule 4003(b) time period to object to debtor's objections, was an effective objection to the exemption itself.

[9] In Maylin the court described the status of judicial lien holders as follows:

> Lien creditors hold constitutionally cognizable property rights in assets against which their liens lie. See U.S. v. Security Industrial Bank, 459 U.S. 70, 77, 103 S.Ct. 407, 411-12, 74 L.Ed.2d 235 (1982) (considering retroactive

the bankruptcy proceedings until they were forced to defend the Debtor's attempts to avoid their liens through the Motion. See Johnson v. Home State Bank, 501 U.S. 78, 111 S.Ct. 2150 (1991). Indeed, the Lienholders reasonably could have assumed that their liens would be unaffected by the Debtor's bankruptcy as the Debtor did not file the Lien Avoidance Motion until sixteen months after the petition date and after the case was closed and then reopened. The Debtor's right to assert the validity of the homestead is still preserved at this juncture, and he may yet be able to avoid the liens if he sustains his burden of proof following an evidentiary hearing.

Additionally, the Court notes that the content of the Debtor's schedules may have contributed to the situation about which the Debtor now complains and distinguishes the facts of this case from Taylor. In Taylor, the debtor claimed as exempt the "Proceeds from lawsuit –[Davis] v. TWA" and "Claim for lost wages." Taylor, 503 U.S. at 640, 112 S.Ct. at 1646. The debtor in that case gave fair notice to the Trustee and all creditors of her claimed exemption in the proceeds of that particular lawsuit. In the present case, the Debtor did not so clearly describe the property which was the subject of the Homestead on his Schedule C, and his intention could not be readily determined because he listed a total of

---

  application of § 522(f)(2) and commenting that "the total destruction by the Government of all value of these liens, which constitute compensable property, has every possible element of a Fifth Amendment 'taking' and is not a 'mere incidence' of a valid regulatory measure."), quoting Armstrong v. U.S., 364 U.S. 40, 48, 80 S.Ct. 1563, 1568-69, 4 L.Ed.2d 1554 (1960).

155 B.R. at 613 n. 28.

three properties on his Schedule A.[10]  Additionally, the Debtor's Schedule D reflected that Greene's lien attached to the "Four Family Rental Property" not the Property. These ambiguities attenuate Debtor's reliance on Taylor. See In re Schwartz, 185 B.R. 479, 483 (Bankr. D. N.J. 1995) ("[T]he instant case is distinguishable from the Talyor case because of the ambiguities present in the Debtor's exemption schedule. . . ").

IV. CONCLUSION

For the above stated reasons, this Court shall enter an order allowing the Lienholders to raise the issue of the validity of the Debtor's Homestead exemption as a defense to the Debtor's Lien Avoidance Motion. The Court shall issue a pretrial order and schedule an evidentiary hearing regarding the validity of the Debtor's homestead, including the issue of whether the Debtor resided at the Property on the petition date.

Dated November 13, 2006                    By the Court,

*[signature]*

Joan N. Feeney
United States Bankruptcy Judge

cc: Nina M. Parker, Esq., Robert G. Cohen, Esq., Kirk P. Rothemich, Esq., Lynne F. Riley, Chapter 7 Trustee

---

[10] The likelihood that the Lienholders did not have meaningful notice of the exact property subject to the exemption is buttressed by the Lienholders' assertion that the Debtor's principal residence on the petition date was a fourth property located in Southbridge, Massachusetts, not the Property.

14